Case 3:24-cr-00159-RCY   Document 1   Filed 10/17/24   Page 1 of 4 PageID# 11



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) | No. 3:24-cr-**159** |
|---|---|---|
|  | ) |  |
| v. | ) | Making False Statements |
|  | ) | 18 U.S.C. § 1001 |
| MALAYSIA STUBBS, | ) | (Count One) |
|  | ) |  |
| Defendant. | ) |  |
|  | ) | Forfeiture Allegation |

## CRIMINAL INFORMATION

The United States Attorney charges that:

### COUNT ONE
(Making False Statements)

At all times relevant to the Criminal Information:

*Small Business Administration*

1. The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses.

2. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 designed to provide emergency financial assistance to the millions of Americans suffering from the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of billions of dollars in forgivable loans to small businesses for job retention and certain other expenses through a program referred to as the Paycheck Protection Program ("PPP").

1



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) | No. 3:24-cr-**159** |
|---|---|---|
|  | ) |  |
| v. | ) | Making False Statements |
|  | ) | 18 U.S.C. § 1001 |
| MALAYSIA STUBBS, | ) | (Count One) |
|  | ) |  |
| Defendant. | ) |  |
|  | ) | Forfeiture Allegation |

## CRIMINAL INFORMATION

The United States Attorney charges that:

### COUNT ONE
(Making False Statements)

At all times relevant to the Criminal Information:

*Small Business Administration*

1. The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses.

2. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 designed to provide emergency financial assistance to the millions of Americans suffering from the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of billions of dollars in forgivable loans to small businesses for job retention and certain other expenses through a program referred to as the Paycheck Protection Program ("PPP").

3.  To obtain a PPP loan, a qualifying business had to submit a PPP loan application signed by an authorized representative of the business. In order to obtain a PPP loan, the applicant was required to acknowledge the program rules, make certain certifications to the SBA, and provide certain supporting documentation as part of the loan application.

4.  A PPP loan application had to be processed by a participating financial institution (the lender). If the PPP loan application was approved, the lender funded the PPP loan using its own monies, and such loans were guaranteed by the SBA. Under the PPP program rules, loan proceeds could only be spent on specific expenses authorized by the SBA—payroll costs, interest on mortgages, rent, and utilities.

### *Stubbs's Fraudulent PPP Submittal*

5.  In April 2021, MALAYSIA STUBBS was a resident of Fort Gregg-Adams, Virginia, a military installation within the Eastern District of Virginia. STUBBS was a Sergeant and a non-commissioned officer in the United States Army.

6.  On or about April 13, 2021, MALAYSIA STUBBS, while in the Eastern District of Virginia, submitted an application for PPP benefits online through a financial institution, affixing her electronic signature to the application. As part of this application, STUBBS completed SBA Form 2483-C (Borrower Application Form for Schedule C Filers Using Gross Income), constituting material representations STUBBS made to the SBA to obtain the PPP loan. STUBBS certified that she ran a business and that any obtained PPP funds would be used to "retain workers and maintain payroll" or to pay certain other qualified business expenses under the PPP program rules. On this form, STUBBS also certified:

> "[T]he information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I

understand that knowingly making false statements to obtain a guaranteed loan from SBA is punishable under the law, including under 18 U.S.C. 1001."

7. As part of this PPP loan application, STUBBS represented that she had filed an Internal Revenue Service (IRS) Form 1040 (Schedule C) in 2020, listing $132,790 in gross income. STUBBS further submitted this 2020 IRS 1040 (Schedule C) as supporting documentation to the PPP loan application. However, this supporting document was fictitious, as STUBBS at all times knew, because STUBBS never submitted any IRS Form 1040 to the IRS in 2020.

8. As a direct result of STUBBS's knowing and deliberate false statements to the SBA, STUBBS's PPP loan application was approved, and STUBBS received $20,833 in Government-guaranteed loans through the PPP to which she was not entitled.

*Statutory Allegations*

9. In or about April 2021, in the Eastern District of Virginia and elsewhere, MALAYSIA STUBBS, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation and made and used a false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, to wit, STUBBS made false statements to the Small Business Administration regarding, among other things, STUBBS's eligibility for a PPP loan, by and through submitting a fictitious Internal Revenue Service Form 1040 Schedule C as supporting documentation for STUBBS's PPP loan application, all for the purpose of obtaining $20,833 in Government-guaranteed loans through the PPP.

(All in violation of Title 18, United States Code, Section 1001)

3

## FORFEITURE ALLEGATION

Pursuant to Rule 32.2(a) FED. R. CRIM. P., the defendant is notified that, if convicted of the offenses alleged in Count One of this Criminal Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes, or is derived from, proceeds traceable to the violation.

(In accordance with Title 18, United States Code, Section 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c).)

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____
Avi Panth
Virginia Bar No. 92450
Assistant United States Attorney
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 771-2316
Email: Avishek.Panth@usdoj.gov